UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRACTURELABS OÜ            CASE NO. 1:24-cv-10249

    Plaintiff,

vs.

JUMP TRADING, LLC,

    Defendant.
_____/

## JOINT STATUS REPORT

Plaintiff FractureLabs OÜ ("FractureLabs") and Defendant Jump Trading, LLC ("Jump Trading"), by and through undersigned counsel, having met and conferred on January 24, 2025, respectfully submit this initial status report for a new case.

    **I.**    **The Nature of the Case:**

    **A.**    **Attorneys of Record**

    1.    The attorneys of record for Plaintiff FractureLabs are Benjamin H. Brodsky (lead attorney) and Deanna Lee Oswald of Brodsky Fotiu-Wojtowicz, PLLC.

    2.    The attorneys of record for Defendant Jump Trading are Gary Feinerman, Eric Swibel, and Jack McNeily of Latham & Watkins, LLP. Gary Feinerman is the lead trial attorney.

    **B.**    **Plaintiff's Position on the Nature of the Claims, the Major Legal and Factual Issues, and Relief Sought**

    1.    Plaintiff FractureLabs brought this action for fraud and deceit, civil conspiracy, breach of contract, and breach of fiduciary duty to recover damages caused by Defendant Jump Trading's scheme to defraud FractureLabs and manipulate the market in connection with the initial exchange offering of the DIO token.

    2.    FractureLabs is an independent game developer that has been developing Decimated, an online roleplaying game that incorporates its own cryptocurrency, the DIO token, into game play. Players can earn and spend DIO tokens within the game, and, because the DIO



token is built on a blockchain, it can also be purchased and traded outside of the game like any other crypto asset.

3. In the fall of 2021, FractureLabs planned an initial exchange offering of DIO tokens to raise capital for the ongoing development of Decimated. Defendant Jump Trading, an established trading firm, offered to facilitate the initial exchange offering on behalf of FractureLabs. Jump agreed to provide FractureLabs with consultation and advice, to introduce FractureLabs to its contacts at various crypto-exchanges, and to serve as FractureLabs's market maker for the DIO token.

4. Jump Trading's representations and offers were a sham, used to obtain control over the initial offering of the DIO token so that Jump Trading could enrich itself by manipulating the market for the token. The result of Jump Trading's fraudulent scheme is that DIO was dramatically devalued, making it harder for FractureLabs to attract investors and interest, FractureLabs's own holdings of DIO were similarly devalued, FractureLabs lost the opportunity to benefit from its token trading at a higher price, Jump made millions of dollars for itself at FractureLabs's expense.

5. The major legal and factual issues are whether Defendant Jump Trading engaged in a fraudulent scheme and made fraudulent representations to Plaintiff FractureLabs; whether Jump Trading conspired with HTX, the cryptocurrency exchange, to defraud Plaintiff FractureLabs; whether Defendant Jump Trading breached its contract with FractureLabs to provide legitimate market making services for the DIO token; whether Defendant Jump Trading had and breached a fiduciary duty toward Plaintiff FractureLabs by giving negligent and dishonest advice to FractureLabs in connection with the initial exchange offering of the DIO token; and whether Jump Trading profited from its breach of fiduciary duty and caused FractureLabs damages.

6. Plaintiff seeks compensatory damages, punitive damages, disgorgement of profits, interest, and such other relief as the Court deems just and proper.

C. **Defendant's Position on the Nature of the Claims, the Major Legal and Factual Issues, and Relief Sought**

1. Defendant Jump Trading denies Plaintiff's claims.

As a threshold matter, this action cannot proceed in federal court because the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), which is the sole basis for subject matter jurisdiction asserted in the Complaint. Specifically, complete diversity of citizenship is lacking between the parties. Plaintiff alleges that it is a citizen of Estonia and the United Kingdom. Jump Trading is a limited liability company that is, for purposes of diversity jurisdiction, a citizen of various U.S. states and certain foreign nations. Complete diversity of citizenship does not exist in a lawsuit between a U.S. citizen on only one side of the suit and foreign parties on both sides. As such, there is thus no subject matter jurisdiction under 28 U.S.C. § 1332(a)(2), and this lawsuit should be dismissed.



2.     As alleged in the Complaint, Plaintiff's claims arise out of and relate to a Master Loan Agreement ("MLA") between Plaintiff and J Digital 6 Cayman Ltd. ("JD6"). Jump Trading, the only named Defendant in this case, is not a party to the MLA. Further, the MLA contains a broad and mandatory arbitration provision requiring any dispute that arises out of or relates to the MLA to be resolved by binding arbitration. As such, this case should not have been brought against Jump Trading, and it should not have been brought in federal (or any) court.

3.     The major legal and factual issues are as follows: whether subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a)(2) exists in a suit between FractureLabs, an exclusive foreign citizen, and Jump Trading, a limited liability company with both foreign and domestic citizenship; whether Plaintiff can maintain suit against Jump Trading, which is not a party to the contract at issue (the MLA); whether Plaintiff is bound by the MLA's mandatory arbitration provision to arbitrate any claims arising out of or relating to the MLA; whether Jump Trading, a non-party to the MLA, owes any duty to Plaintiff that may give rise to its claims; and whether Plaintiff's alleged losses are attributable in any way to Jump Trading.

**II.     Jurisdiction:**

**A.**     There are no federal statutes on which federal question jurisdiction is based.

**B.     Plaintiff's Position on Diversity Jurisdiction**

1.     Plaintiff claims this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

2.     The amount in controversy exceeds the jurisdictional threshold of $75,000 and there is no dispute regarding the amount in controversy for purposes of determining the existence of subject matter jurisdiction.

3.     Plaintiff FractureLabs is a citizen or subject of a foreign state. FractureLabs is organized in Estonia and wholly owned by Stephen Arnold, a citizen of the United Kingdom.

4.     Based on information available to Plaintiff, Jump Trading is a domestic citizen.

**C.     Defendant's Position on Jurisdiction**:

1.     This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) because there is not complete diversity of citizenship between Plaintiff, a foreign citizen, and Defendant, a mixed foreign and domestic citizen.

2.     Plaintiff alleges it is a citizen of a foreign state.

3.     Jump Trading is a citizen of various states and foreign nations.  [ECF No. 10].



4. There is no subject matter jurisdiction over a lawsuit (a) brought under state law only (b) with a foreign citizen on one side and a mixed foreign and domestic citizen on the other side. Jump Trading has moved to dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1) on that basis. [ECF No. 20].

**III.** **Status of Service**: All defendants have been served.

**IV.** **Motions:**

**A.** The following motions are pending:

1. Defendant Jump Trading's Opposed Motion for Leave to File Its Corporate Disclosure Statement Under Seal [ECF No. 9];

2. Defendant Jump Trading's Opposed Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 20];

3. Plaintiff FractureLabs's Opposed Motion to Permit Jurisdictional Discovery [ECF No. 23].

**B.** Defendant Jump Trading has responded to the Complaint with a Motion to Dismiss. [ECF No. 20].

**V.** **Case Plan:**

**A.** Proposal for a discovery plan:

1. <u>Plaintiff's Position</u>:

a) The General type of discovery needed: Plaintiff anticipates needing production of documents and electronically stored information, depositions of current and former employees of Defendant Jump Trading, and expert discovery.

b) Date for Rule 26(a)(1) disclosures: **February 10, 2025**;

c) First date by which to issue written discovery: **February 10, 2025;**

d) Proposed fact discovery completion date: **November 7, 2025;**

e) Proposed Deadline for amended pleadings: **May 16, 2025;**

f) The Parties anticipate expert discovery and propose completion of expert discovery by **December 5, 2025**.



    2.    Defendant's Position:

    a)    A plan for discovery is premature given the unavoidable jurisdictional defects in this case. No discovery schedule should be set pending resolution of Jump Trading's Rule 12(b)(1) motion to dismiss. [ECF No. 20]. Moreover, no discovery schedule should be set because, if this Court holds that there is subject matter jurisdiction over this case, Plaintiff's claims would be subject to mandatory arbitration and no discovery (other than arbitration-related discovery) should be permitted pending resolution of a motion to compel arbitration. *See Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023); *Sarah Car Care, Inc. v. LogistiCare Sol'ns, LLC*, 2023 WL 5378845 (3d Cir. 2023) (district court erred in allowing discovery to proceed pending resolution of defendant's motion to compel arbitration).

    b)    With respect to trial:

    3.    Plaintiff has requested a jury trial.

    4.    The Parties estimate the probable length of trial to be five days.

**VI.**    **Consent and Settlement Discussions**:

    **A.**    Counsel have advised the Parties that they may proceed before a Magistrate Judge. The Parties do not unanimously consent to proceed before a Magistrate Judge.

    **B.**    The Parties are aware of the potential benefits of settlement, but agree this dispute is not amenable to settlement at this juncture and do not request a settlement conference.

Respectfully submitted,

By: /s/ *Deanna Oswald*
Benjamin H. Brodsky
Florida Bar No. 73748
*Admitted Pro Hac Vice*
Deanna Lee Oswald
Florida Bar No. 72621
*Admitted Pro Hac Vice*
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
*Attorneys for FractureLabs OÜ*
bbrodsky@bfwlegal.com
deanna@bfwlegal.com
docketing@bfwlegal.com

By: */s/ Gary Feinerman*
Gary Feinerman (ARDC # 6206906)
Eric Swibel (ARDC # 6209701)
Jack McNeily (ARDC # 6332140)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
*Attorneys for Defendant Jump Trading, LLC*
gary.feinerman@lw.com
eric.swibel@lw.com
jack.mcneily@lw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF System upon all parties registered to receive electronic notice in this case on this **January 28, 2025.**

By: /s/ *Deanna Oswald*
Deanna Lee Oswald, Esq.

6

